UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRUCE DEWAYNE HALEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 5:22-CV-191-CHB |
| v. | ) | |
| | ) | |
| DANIEL AKERS, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Bruce Haley ("Haley") is a prisoner confined at the Lee Adjustment Center in Beattyville, Kentucky. Haley has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Haley's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief") (cleaned up).

In 2004, Haley was convicted in the Circuit Court of Bell County, Kentucky with assault and murder, and was sentenced to a cumulative term of thirty years imprisonment. *See Commonwealth v. Haley*, No. 03-CR-00085 (Bell Cir. Ct. 2003); *Haley v. Commonwealth*, 586

S.W.3d 744 (Ky. App. 2019).  In his petition, Haley states that on June 1, 2022, he filed an open records request with the warden, requesting that he be provided with a copy of the judgment in his criminal case.  [R. 1-2, pp. 1, 7].  After three weeks passed without response, Haley filed an inmate grievance seeking his immediate release from custody.  *Id.* at 8.  Prison staff rejected his grievance as untimely.  *Id.* at 9.  Haley also filed a request with prison staff seeking a copy of the judgment. *Id.* at 10.  Haley filed a second grievance seeking immediate release when they, too, did not provide him with the requested document.  *Id.* at 10–12.  Prison staff rejected the grievance, both as a "non-grievable" custodial issue and as an unauthorized duplication of his first grievance.  *Id.* at 12.

Haley contends that he is entitled to release because the warden does not possess a copy of the court order authorizing him to hold him in prison.  [R. 1, p. 4].  Haley points to decisions from the courts of Kentucky which hold generally that court judgments are not legally effective until embodied in a written judgment.  *See* [R. 1-2, p. 3] (citing, *inter alia*, *Commonwealth v. Hicks*, 869 S.W.3d 35 (Ky. 1994)).  From this premise, Haley argues that "because the warden does not possess a written judgment and sentence of the court, he does not possess legal authority to detain petitioner, and his continued imprisonment is unlawful, and he must be released immediately." [R. 1-2, p. 4] (cleaned up).  He seeks release from custody.  [R. 1, pp. 7–8]

The Court must dismiss the petition because Haley has not exhausted his state court remedies prior to filing.  Federal law requires that "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  This requirement applies to § 2241 petitions such as Haley's which challenge the execution of his sentence by prison officials:

> When a prisoner begins in the district court, § 2254 and all associated statutory requirements [including COA's under § 2253, if applicable] apply no matter what

statutory label the prisoner has given the case.  (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.).

*Greene v. Tenn. Dep't of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)).  *See also Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (same); *Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (holding that state prisoner invoking either § 2241 or § 2254 must first exhaust state court remedies); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, at *1 (6th Cir. Dec. 11, 2020) (noting that under *Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006), all habeas corpus petitions filed by prisoners in custody pursuant to a state court judgment are filed under § 2254).  Because Section 2254 requires prior exhaustion of remedies available in the courts of Kentucky, an avenue Haley acknowledges he has not pursued, *see* [R. 1, p. 3], his petition will be denied without prejudice.

The Court being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

1.     Haley's petition for a writ of habeas corpus **[R. 1]** is **DENIED** without prejudice.

2.     This action is **STRICKEN** from the Court's docket.

This the 26th day of October, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY